## STATE v SNOW

Ohio Appeals, 9th Dist, Summit Co

Decided May 6, 1938

Alva J. Russell, pros. atty., and Robert Azar, asst. pros. atty., Akron, for appellee.

J. C. Maytnier and D. A. Olivo, Akron for appellant.

### OPINION

By WASHBURN, J.

This matter is before the court on appeal on questions of law.

The defendant, Robert Snow, was indicted for murder in the first degree, and during the trial, and before the jury was impaneled, he changed his plea to guilty and requested that three judges pass upon his case, as provided by the statute. That was done, with the result that the defendant was sentenced to be electrocuted.

As many of the errors complained of relate to the proceedings in the case before said plea of guilty was entered, we set forth in chronological order the circumstances of said proceedings:

"January 28, 1938 The defendant Snow, having been indicted for murder in the first degree, appeared in court wih counsel, and entered a plea of not guilty, 'reserving the right to change the plea at any time before trial,' and the trial was set for February 21, 1938.

"February 4, 1938. Defendant appeared in court with his counsel and withdrew his plea of not guilty and then entered a plea of 'not guilty by reason of insanity'; whereupon, the court appointed two physicians who were specialists in mental diseases 'to investigate and examine into the mental condition of' the defendant and to prepare and file a written statement, in accordance with the provisions of §13441-4 GC.

"February 10, 1938. Counsel for the defendant in the defendant's presence in open court, admitted that the defendant was then sane and claimed only that he was insane at the time of the homicide. Thereupon the court, upon the motion of defendant, postponed the day of trial from February 21 to February 28, 1938, in order to allow the defendant time to take depositions out of the state, and thereby present no evidence on the issue of insanity at the time of the homicide. SAID ORDER WAS MADE UPON THE EXPRESS WAIVER OF 'ANY RIGHT OF THE DEFENDANT TO BE PRESENT' AT THE TAKING OF SAID DEPOSITIONS.

"February 11, 1938. In pursuance of said express waiver, the application of the defendant to take depositions out of the state was granted, and commissioners were appointed by the court 'to take the testimony

of said witnesses upon interrogatories and cross-interrogatories on file,' on or before February 28, 1938, the day set for the trial.

"February 18, 1938. Counsel for Snow filed in court a paper denominated Application,' in which it was set forth that they were engaged, by relatives of the defendant, to represent the defendant, and that, in pursuance of said engagement, they had, in addition to appearing for him in court, spent much time in interviewing witnesses and preparing for the trial; that the relatives of the defendant had exhausted 'all efforts and means of obtaining funds with which to pay' said attorneys, and that no funds would be available to pay them; and that by reason of the facts above stated 'we are here asking the court for instructions.' A hearing in open court was had on said 'application' on the day on which it was filed, the defendant and said attorneys being present, as were counsel for the state; in which hearing counsel for the defendant stated to the court that they were not receiving the co-operation they needed from the relatives of the defendant, but that the defendant desired them to continue to defend the case, and that they intended to do so; and the court thereupon observed that 'We have nothing to hear this morning. I understand an application to be relieved of the responsibility—,' and counsel for the defendant replied: 'I have nothing more to say, but go through and try it the best we can without funds.' Counsel for the state announced that they would be ready to proceed with the trial on the day set, February 28 1938, and the court announced that there were no instructions needed other than to say: 'I shall expect you to proceed with the trial of the case.'

"February 23, 1938, Counsel for the state and for the defendant in open court agreed to the taking of the depositions of a witness on behalf of the defendant on February 25, and said depositions were taken, and afterwards filed in the case on March 1, 1938.

"February 25, 1938. Counsel for the defendant filed a motion to continue the case 'until the next term of court' since Mr. and Mrs. J. R. Hamilton, who resided out of the state, would be unable to be present at the trial because of sickness; and that the defendant was an indigent person, and without funds with which to provide counsel to go to the other state to take the deposition of said witnesses; said motion also set forth what the testimony of said witnesses would be if they were present to testify.

"February 26, 1938. Counsel for the defendant and for the state appeared in open court for a hearing upon said motion, and the court declined to grant said continuance.

"February 28, 1938. On the day set for the trial, the defendant, and counsel for the defendant and counsel for the state being present in court; the defendant withdrew his plea of not guilty by reason of insanity and entered a plea of guilty generally, the detailed circumstances of such change of plea being hereinafter set forth. A court composed of three judges was convened, and the trial proceeded, said counsel for the defendant. being present and participating therein. Witnesses were called and examined on behalf of the state, and likewise witnesses were called and examined on behalf of the defendant, and various exhibits were introduced; and counsel for the defendant and counsel for the state submitted arguments.

"March 2, 1938. The court announced its conclusion to be 'that the defendant under the law, is guilty as charged of murder in the first degree', and the court considering as having been filed a motion on behalf of defendant for a new trial, overruled the same, to which ruling exception was noted; and thereupon the court pronounced a death sentence upon the defendant.

"March 8, 1938. Notice of appeal filed."

As to the proceedings before the plea of guilty, complaint is made in reference to the failure of the court to appoint counsel to defend the defendant, and to make an order under §13444-14 GC, providing funds for the taking of evidence outside of the state, and as to the overruling of the motion to continue the case to the next term of court.

We merely state our conclusions as to said matters.

Throughout the proceedings the defendant was represented by counsel of his own choosing, and he did not make any application to the court to appoint counsel to defend him. After the defendant was sentenced, the court, finding that the defendant was then in indigent circumstances, for the purpose of providing means for a review of its decision, appointed defendant's attorneys to prosecute this appeal.

The court complied with the defendant's request to appoint a commission to take testimony outside of the state, and no application was made to provide funds under said section for such purpose.

The commission sought and obtained was to take the evidence "upon interrogatories

and cross-interrogatories on file," and the defendant in open court expressly waived his right to be present.

The record does not justify the conclusion that the failure to take said depositions was due to any action of the court or its denial of any request made.

We do not find that the court abused its discretion in refusing to continue the case to the next term of court or that the defendant was prejudiced thereby.

But if it could be fairly said that in the matters just considered the court erred in some minor particular, subsequent events, which the record does not show to have been caused by such error, render such error of little or no consequence.

The subsequent event in the case was said plea of guilty.

The record discloses that there was no claim that the defendant was insane at the time of the trial, and the killing and the circumstances connected therewith were freely admitted; and before the jury was impaneled, the defendant, without being asked to do so by his counsel, made known to the court that he desired to plead guilty and have his fate determined by three judges. That was done in open court, his counsel being present and acquiescing therein

The record shows that on the day set for trial and before a jury was sworn, one of counsel for defendant addressed the court as follows: "Before defendant's counsel makes any statement whatever to the court, I believe the defendant himself would like to address the court," and the court responded: "All right, Snow," and the defendant, Snow, then said: "Your Honor, I have come to the conclusion that I would rather have three judges decide my fate than have a jury, therefore I plead guilty," and the court, addressing the defendant, said: "Having entered a plea of guilty, you withdraw your former plea of not guilty by reason of insanity?" and the defendant answered: "Yes," and his counsel then said; "We enter a plea of guilty generally to the indictment and ask the court to fix the degree of crime." And later, during the trial, there was signed and ordered filed the following waiver of a jury trial:

"I, Robert Snow, defendant in the above cause, hereby voluntarily waive and relinquish my rights to a trial by jury, and elect to be tried by three judges of the above named court.

"I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.

"(Signed) Robert Snow.

"Signed in open court this 28th day of February, 1938.

"(Signed) Oscar Hunsicker,
"Judge."

By the change of plea, the defendant chose between a trial by jury and a proceeding by three judges under under the statute; and the record, as we interpret it, discloses that such choice was voluntary and uninfluenced by acts of his counsel, and that the defendant was sane and capable of choosing.

Thereafter, in accordance with the statute, a court consisting of three judges was convened, and counsel for the state introduced evidence as to the killing, the circumstances connected therewith, and as to what the defendant said when arrested within two hours after the killing.

The defendant testified fully, his counsel introduced evidence concerning defendant's life and conduct, and his mother, sister, brother, sister-in-law and others who knew him testified to circumstances relative to his mental condition at the time of the killing and theretofore; all of which evidence was, of course, considered by the three judges in determining the degree of crime and whether to recommend mercy.

Some complaint is made as to errors occurring after the plea of guilty was entered. They are that the court erred in excluding certain evidence, that the judgment is not sustained by sufficient evidence, and that the judgment is against the manifest weight of the evidence.

The claimed error as to the exclusion of evidence arose out of the following circumstances: The defendant, anticipating that one of his witnesses would be absent from the state at the time of trial, by agreement with counsel for the state, took the deposition of such witness and at the trial sought to introduce the same; but it being made to appear to the court that said witness was in the court house and available to be called, the court sustained an objection to the introduction of the deposition; and counsel for the defendant, being fully informed of the situation, declined to call said witness. We find that there was no error in regard to said disposition.

We find that the court was fully justified in finding that the killing was unlawful, intentional and of premeditated malice, and

the evidence is not such as indicates any insanity either at the time of trial or at the time of the killing.

Our consideration of the case leads us to the conclusion that in the preliminary proceedings, and in the trial as to the grade of the offense, the court afforded the defendant a fair and impartial trial according to the constitution and laws of the state of Ohio.

The question of mercy is not reviewable by us; that matter is by law committed solely to the discretion of the jury unless the defendant pleads guilty, in which case it is committed to the uncontrolled discretion of the three judges.

Judgment affirmed.

STEVENS, PJ, and DOYLE, J, concur.